ATLANTIC DEPARTMENT
STORES, INC., Appellee,

v.

UNITED STATES of America, Appellant.

No. 932, Docket 76–6173.

United States Court of Appeals,
Second Circuit.

Argued April 25, 1977.

Decided June 17, 1977.

Abraham Kaplan, Garden City, N.Y., for appellee.

Frederick P. Schaffer, New York City (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., New York City, Gaines Gwathmey III, Asst. U. S. Atty., of counsel), for appellant.

Before MANSFIELD, Circuit Judge, SMITH, Chief Judge,* and PALMIERI, District Judge.**

---

* Of the United States District Court for the District of Montana, sitting by designation.

** Of the United States District Court for the Southern District of New York, sitting by designation.

PALMIERI, District Judge:

This appeal is from a judgment of the United States District Court for the Southern District of New York, Marvin E. Frankel, *Judge,* granting summary judgment for the plaintiff, Atlantic Department Stores, Inc. ("Atlantic"), in its suit against the United States to recover an overpayment of Federal Insurance Contribution Act ("FICA") taxes made by Atlantic for the calendar year 1974. The Government has appealed from the District Court's determination of one of the issues presented to it. With respect to that issue, we reverse.

The sole issue before us is whether Atlantic has a prior obligation to adjust certain employee claims before it can assert its right to a refund.

The facts are not in dispute. Atlantic is an employer which is obligated under the FICA statutory scheme to pay an excise tax on the wages it pays its employees and to withhold from those wages and pay to the Government an excise tax imposed on its employees. 26 U.S.C. §§ 3101, 3102, and 3111. For the purpose of calculating the amount of these excise taxes, the term "wages" does not include "the amount of any payment . . . made to, or on behalf of, an employee . . . on account of . . . sickness . . . ." 26 U.S.C. § 3121(a)(2)(B). During the calendar year 1974 Atlantic erroneously treated as wages subject to the FICA tax sick leave payments which it made to 2,409 employees. As a result, Atlantic overpaid the employer FICA tax by $11,636.10 and improperly withheld and overpaid the employee FICA tax by the same amount. After the payments were made, Atlantic discovered its error, and on June 16, 1975 it made a claim for refund of its overpayment of the employer FICA tax. This claim was rejected by the Internal Revenue Service ("IRS")[1] whereupon this suit was instituted.

After joinder of issue, the Government moved for judgment on the pleadings, or in the alternative, for judgment dismissing the complaint for failure to state a claim upon which relief could be granted. Atlantic cross moved for summary judgment. The parties entered into a stipulation of facts which provided, *inter alia,* that 2,409 employees were included in the overpayment for 1974; that the average overpayment per employee was $4.83; that 11% or approximately 265 of the employees involved were still employed by Atlantic at the time of the filing of the claim for refund; that the estimated cost to Atlantic of computing the amount of the overcollection from each employee and effecting repayment by mail would be $2.25 for each employee whose location was known and who was cooperative; and that for employees whose locations were not known or who were uncooperative the total cost of effecting repayment "may exceed the amount of the claim."

In the district court, the Government contended that Atlantic was obliged first to repay or adjust its overpayment of employee FICA tax in order to obtain a refund or credit for its own overpayment of the employer FICA tax. The district court held, however, that no such obligation was imposed under the Internal Revenue Code ("IRC") or the regulations promulgated thereunder or should be implied as a matter of equity. On this appeal, the Government argues that as a matter of statutory construction the district court erred in not imposing this obligation on Atlantic with respect to the claims of employees who were still in its employ at the time the overpayments were ascertained.

Neither the IRC nor the regulations expressly provide that an employer who has overpaid both the employer and the employee FICA taxes must claim a refund or credit on behalf of its employees in order to obtain a refund or credit of its own overpayment. The Government contends, how-

---

1. Initially, the IRS rejected Atlantic's claim on the ground that Atlantic had omitted in its claim for refund certain statements required by § 3101. In its answer to Atlantic's complaint, the Government acknowledged that its denial of the claim was "for an improper stated reason", though it asserted that the denial was "proper in fact".

ever, that such an obligation on the part of the employer does arise out of the statutory provisions concerning adjustments of overpayments.

Section 6413(a)(1) of the IRC provides, in pertinent part, that

> If more than the correct amount of tax imposed by section 3101, 3111 . . . is paid with respect to any payment or remuneration, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made, without interest, in such manner and at such times as the Secretary or his delegate may by regulations prescribe.

Section 6413(b) provides, in pertinent part, that

> If more than the correct amount of tax imposed by section 3101, 3111 . . . is paid or deducted with respect to any payment or remuneration and the overpayment cannot be adjusted under subsection (a) of this section, the amount of the overpayment shall be refunded in such manner and at such times (subject to the statute of limitations properly applicable thereto) as the Secretary or his delegate may by regulations prescribe.

Regulation § 31.6402(a)–2(a)(1) provides that any person who pays to the district director more than the correct amount of employer or employee tax under section 3101 or 3111 may file a claim for refund. Regulation § 31.6402(a)–2(a)(2) provides that every claim by an employer for a refund or credit for an overpayment of employee tax must include a statement that the employer has repaid the tax to the employee or secured the written consent of the employee to the allowance of the refund or credit. Regulation § 31.6402(a)–2(b) provides that an employee may file a claim for an overpayment of employee tax provided that he has not been reimbursed by the employer and has not taken the overpayment into account in claiming a refund or credit on his income tax. Finally, Regulation § 31.6413(a)–1(b) provides, in pertinent part, that

> If an employer collects from an employee and pays to the district director more than the correct amount of employee tax under section 3101 . . . and if the error is ascertained within the applicable period of limitation on credit or refund, the employer shall repay or reimburse the employee in the amount thereof prior to the expiration of the return period following the return period in which the error is ascertained and prior to the expiration of such limitation period. . . .

> . . . . .

> (iii) If the employer does not repay the employee the amount overcollected, the employer shall reimburse the employee by applying the amount of the overcollection against the employee tax which attaches to wages or compensation paid to the employee prior to the expiration of the return period following the return period in which the error is ascertained. . . . If the amount of the overcollection exceeds the amount so applied against such employee tax, the excess amount shall be repaid to the employee as required by this subparagraph.

> (iv) For purposes of this subparagraph, an error is ascertained when the employer has sufficient knowledge of the error to be able to correct it.

The district court held that the IRC and the applicable regulations did not impose upon the employer the obligation to claim a refund or credit on behalf of its employees as a precondition to securing a credit for its own overpayment and that the court should not in effect fashion new regulations for the IRS to impose such an obligation in a field blanketed by elaborate and often highly technical regulations. Although this court agrees with the district court that "the Government [should] be held to the same obligation to adhere to duly enacted legislation and regulations as are taxpayers," we find that the existing statutes and regulations clearly imply an obligation on the part of the employer to claim a refund or credit on behalf of those employees with respect to whom the employer can reasonably adjust its overpayment.

█ Section 6413(a)(1) provides generally that proper adjustments should be made

with respect to overpayments of FICA taxes. Subdivision (b) of that section provides that if "the overpayment cannot be adjusted under subsection (a)", then the overpayment shall be refunded. It is clear from these provisions that adjustment of the overpayment of employee tax by the employer is the preferred procedure and that only when such an adjustment cannot be made should the employer be permitted to claim a refund.

This construction of the statute is consonant with the applicable regulations, the legislative history of the predecessors of section 6413, and the practicalities of the employer-employee relationship.

### The Applicable Regulations

The regulations contain various procedures by which employers and employees may recover overpayments of FICA taxes. As noted above, any "person" who overpays employer or employee tax may file a claim for a refund. Regulation § 31.6402(a)–2(a)(1). An employee from whom excess FICA tax has been withheld and paid may file a claim for a refund provided that he has not been reimbursed by the employer, has not authorized the employer to file a claim on his behalf, and has not claimed a credit against or refund of his income tax based on the overpayment. Regulation § 31.6402(a)–2(b). Although an employee may file a claim himself for the overpayment of employee tax, it is clear from the regulations that the filing of such a claim is contemplated only in situations in which for some reason (*e.g.*, the employee has ceased to be employed by the employer) it is impractical for the employer to effect an adjustment directly with the employee. Thus, an employer who withholds and pays more than the correct amount of employee tax is required under Regulation § 31.6413(a)–1(b) to repay or reimburse the employee for the overpayment or to apply the overcollection against employee taxes which attach to specified wages or compensation in the fu-

ture. Moreover, every claim filed by an employer for a refund of excess employee tax must contain a statement that the employer has either repaid the employee or secured his written consent to the allowance of the employer's refund or credit. Regulation § 31.6402(a)–2(a)(2). Where an employer files for a refund or credit for an overpayment of employee tax in a prior year, the employer must also state that it has received from the employee a written statement that he has not successfully claimed a credit or refund and will not seek to do so. Accordingly, without saying so expressly, the regulations clearly contemplate that an employer will first adjust the overpayment with its employees and then claim a refund or credit from the IRS.

### The Legislative History of Section 6413

The legislative history of the predecessors of section 6413 [2] supports the view that Congress intended that employers would correct errors in connection with overpayments of FICA taxes by adjusting subsequent wage payments to their employees:

> [Section 6413(a)] permits the employer to correct errors in the tax reported in connection with any wage payment to his employees by making proper adjustments in connection with subsequent wage payments. S.Rep.No.628, 74th Cong., 1st Sess. at 43; H.Rep.No.615, 74th Cong., 1st Sess. at 30–31.

Where an employer is unable to correct an overpayment by adjusting subsequent wage payments, Congress created an exception to the general adjustment procedure in order to enable an employer to recover its overpayment:

> [Section 6413(b)] relates to the tax imposed with respect to both employers and employees. If any part of the employer's or employee's taxes is . . . overpaid and the error cannot be adjusted in connection with subsequent payments . . . the overpayment [is to be] refunded un-

---

**2.** Sections 6413(a) and (b) were carried over without material change from Sections 1411 and 1421, respectively, of the 1939 Code. H.Rep.No.1337, 83d Cong., 2d Sess. at 412,

U.S.Code Cong. & Admin.News 1954, p. 4025; S.Rep.No.1622, 83d Cong., 2d Sess. at 582, U.S. Code Cong. & Admin.News 1954, p. 4629.

der regulations prescribed under this title. Situations of this character will usually arise when an employee leaves the service of the employer so that it is impossible to make adjustments in subsequent wage payments. *Id.*

### The Practicalities of the Employer-Employee Relationship

Finally, as a practical matter, it is reasonable to construe the applicable statutes and regulations to require that an employer adjust its overpayment of employee tax before obtaining a refund of its overpayment of employer tax. Since the employer is obliged to withhold the employee tax from its employees' wages, any overpayment of employee tax is likely to be the result of an error by the employer. Since it is the employer's responsibility to collect the employee tax, it is more likely that the employer rather than its employees will discover any error with respect to an overpayment. Any error made by the employer, moreover, is likely to affect more than one employee, and, thus, since the employer periodically pays all of its employees and deducts FICA taxes from their wages, the employer is in a position to make appropriate adjustments with respect to overpayments for all of its employees in a manner which under usual circumstances should not be unduly burdensome.[3] Whatever costs are involved in effecting proper adjustments should appropriately be borne by the employer because it was its error which resulted in the overpayment originally.

### The Cost of Compliance With the Adjustment Requirement

Atlantic argues that even if it is required to make an adjustment of its overpayment with its employees under the applicable statutory provisions and regulations this case comes properly under the exception to that requirement in section 6413(b) as an instance where "the overpayment cannot be adjusted". This argument, which was accepted by the district court, is based on the stipulation between the parties that the costs of locating and communicating with the employees entitled to repayment would average half or more of the amount of the refund which each employee would receive. The Government argues that the § 6413(b) exception refers to cases in which adjustment is impossible, not those in which adjustment is only costly. It further asserts that this Court should not consider the question of cost because it is without any guidelines by which to evaluate cost as a factor in determining whether to excuse compliance with the adjustment requirement. Finally, the Government contends that even if this Court considers the cost to Atlantic of compliance it should reduce the estimated costs stipulated by the parties by approximately 65%. This reduction is appropriate, the Government argues, because the only employees whose claims are in issue on this appeal are those who were employed by Atlantic at the time Atlantic ascertained its error, and as to them adjustment should be relatively simple and inexpensive.

■ Although we do not agree with the Government that the employer's cost to comply with the adjustment procedure has no application in determining whether compliance should be excused under § 6413(b), it has not been established in this case that the cost to Atlantic of adjusting the FICA taxes of the employees here involved is so great in comparison with the benefits to its employees that compliance should be excused.

■ Finally, the Government argues that Atlantic should be required to effect adjustments for all persons who were in its employ at the time the error with respect to the overpayment was ascertained. Atlantic contends that the imposition of such a requirement would be unduly burdensome be-

---

**3.** Additionally, from an administrative standpoint, it would seem to be more efficient for the IRS to process all of the employee tax overpayment claims from one employer at the same time rather than having to process each one individually when each employee submitted a claim on his own behalf or sought to claim a credit for the overpayment against his income tax pursuant to Regulation § 31.6413(c)–1.

cause it would compel an employer to effect adjustments within three months (one return period) of the time it became aware of its error. Atlantic's contention is clearly not supported by the regulations. Regulation § 31.6413(a)–1(b)(1) provides only that the employer repay or reimburse the employee "prior to the expiration of the return period following the return period in which the error is ascertained and prior to the expiration of [the applicable] limitation period". An error is deemed to be "ascertained" when "the employer has sufficient knowledge of the error to be able to correct it." Thus, the period within which Atlantic would be required to effect adjustments would not commence until it "ascertains" the error, and the date Atlantic became aware of the error is irrelevant. Moreover, while the regulations do not expressly support the Government's position, its position is supported by the policy clearly implicit in the statute and regulations which favors the prompt effectuation of adjustments whenever possible.

■ Similarly, the Court rejects Atlantic's argument that it should only be required to effect adjustments for employees who were in its employ on the date that it filed its claim for a refund because it runs counter to this statutory purpose and may result in some employees losing repayments to which they are entitled. The fact that the date on which the claim was filed is more readily determinable than the date the error was "ascertained" is of no consequence. The filing date is purely arbitrary, and any delay between the date of ascertaining the error and the date of filing should not be allowed to operate to the disadvantage of employees who in no way contributed to the error.

Accordingly, with respect to those employees in Atlantic's employ on the date on which Atlantic "ascertained" its error, we reverse and remand the case to the district court to determine the date on which the error was "ascertained" and the employees who were in Atlantic's employ on that date. The judgment, therefore, awarded to Atlantic in the sum of $11,636.10, with interest thereon at 6% per annum, from the dates of the receipt by the Government of each overpayment by Atlantic of employer's tax, will require recalculation based upon the district court's determinations.

Nothing in this opinion is intended to prejudice any claims Atlantic may subsequently assert with respect to obtaining a refund for any amounts corresponding to adjustments made at its own expense pursuant to this decision.