**ENTENMANN'S BAKERY, INC., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 77 C 931.**

United States District Court, E. D. New York.

Feb. 20, 1979.

Otterbourg, Steindler, Houston & Rosen, P. C., Garden City, N. Y. (Abraham Kaplan, Garden City, N. Y., of counsel), for plaintiff.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C. (Jerome Fink and Judith Ann Jacobson, Tax Div., Dept. of Justice, Washington, D. C., of counsel), Edward R. Korman, U. S. Atty., Brooklyn, N. Y.

(Rodger C. Field, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

### MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action to recover $4,499.48 of allegedly overpaid employer's taxes for the calendar year 1973 under the Federal Insurance Contributions Act. After filing a return for 1973 plaintiff allegedly discovered it had erroneously failed to exclude from the wages paid to employees the "sick pay" not includable as "wages" upon which the tax is calculated. Plaintiff's claim for refund was rejected.

In the light of the decision in *Atlantic Dept. Stores, Inc. v. United States*, 557 F.2d 957 (2d Cir. 1977), plaintiff has reduced its claim to $1,189.32, the amount of the alleged overpayment of employer's taxes with respect to employees no longer in plaintiff's employ when the error was ascertained. Both sides have moved for summary judgment.

The opinion in the *Atlantic Dept. Stores, Inc., supra,* holds that an employer, before claiming a refund for the employer's share of the taxes, must make "adjustments" of the employees' share of the overpayment where the employees are still employed when the employer ascertained the error. The court did not consider the circumstances under which an employer may claim a refund of its share of the overpayment as to employees no longer in its employ when the error was discovered.

The relevant statutory provisions are found in Section 6413 of the Internal Revenue Code, subsections (a)(1) and (b). Section 6413(a)(1) provides, in pertinent part, that if an overpayment of tax under the Act "is paid with respect to any payment or remuneration, proper adjustments, with respect to both the tax and the amount to be deducted" shall be made "in such manner and at such times" as the Secretary "may by regulations prescribe." Section 6413(b) provides, in pertinent part, that if such an overpayment is made "and the overpayment cannot be adjusted under subsection (a)", the amount of the overpayment shall be refunded "in such manner and at such times" as the Secretary "may by regulations prescribe" (subject to the applicable statute of limitations).

The opinion in the *Atlantic Dept. Stores, Inc.* case implied from these provisions that an employer had an obligation to claim a refund or credit on behalf of those employees with respect to whom it "can reasonably adjust" its overpayment, and that otherwise an employer could claim a refund solely of its own share "only" when an "adjustment" of the employees' taxes "cannot be made." 557 F.2d. at 960. This construction was said to be consonant with the regulations, the legislative history of the predecessors of Section 6413, and the practicalities of the relationship between employer and employees.

The government asserts that plaintiff "can reasonably adjust" its former employees' overpayments by making reasonable efforts to repay those former employees for the overdeductions. The argument is that in many instances it will be easy for the employer to locate the employees, make the required repayments, and obtain their written consent to an allowance of the refund or credit to the employer. Where it is "impossible or too expensive" to locate the employees the government agrees that the overpayments "cannot be adjusted" and that a refund under Section 6413(b) is appropriate.

Plaintiff claims that in every instance where the employees are no longer on the employer's payroll when the error is ascertained the overpayment "cannot be adjusted" and refers to the Senate and House Reports quoted in the *Atlantic Dept. Stores, Inc.* opinion. Those reports, in discussing the predecessor of Section 6413(b), recite that if any part of the employer's or employee's taxes is overpaid and "the error cannot be adjusted in connection with subsequent payments", the overpayment is to be refunded under the prescribed regulations, and conclude by stating that "Situations of this character will usually arise when an employee leaves the service of the

employer so that it is impossible to make adjustments in subsequent wage payments." S.Rep. No. 628, 74th Cong., 1st Sess. at 43; H.Rep. No. 615, 74th Cong., 1st Sess. at 30–31.

The government points out that this legislative history relates to Sections 802(b), 805 and 806 of the Social Security Act of 1935. Section 802(b) of the 1935 Act provided that to correct errors made with respect to the employee's share "proper adjustments" were to be made "in connection with subsequent wage payments to the same individual by the same employer." 49 Stat. (part 1) 636. In like manner corrections of the employer's share under Section 805 were to be made by "proper adjustments" in connection with "subsequent wage payments" 49 Stat. (part 1) 637. Section 806 provided that if errors in either the employee's or the employer's share "cannot be adjusted" the overpayment could be refunded. *Id.*

The 1935 Act, therefore, contemplated that the only time the "adjustments" would be made was when there were "subsequent wage payments." The language quoted by plaintiff from the Congressional Reports should be read in this light.

In 1939 Congress amended Sections 802(b) and 805 of the 1935 Act to eliminate the requirement that the adjustment be made "in connection with subsequent wage payments." The Congressional Reports explaining the elimination show that Congress focussed on the situation where "the employee's connection with the employer who made the error may have been severed", recognized that it might prove desirable "to provide for adjustments at times other than in connection with subsequent payments", and decided to give flexibility to the manner and time of adjustment by leaving those matters to administrative regulation. H.Rep. No. 728, 76th Cong., 1st Sess. 58; S.Rep. No. 734, 76th Cong., 1st Sess. 71.

As ordinarily understood an "adjustment" may be made in more than one way, as the Latin derivation of the word makes manifest. An adjustment sets things right. The affairs of an employer and one who has performed work for him may be set in order even though the employment has ceased and there are no future payments in which the adjustment may be reflected. Certainly Congress recognized in the 1939 enactment that it was "possible" to make an "adjustment" where the employee's connection with the employer had been "severed".

Under the philosophy of the *Atlantic Dept. Stores, Inc.* case plaintiff, before it can claim a refund of its share of the taxes must make a reasonable effort within the applicable period to "adjust" the overcollection and overpayment of the employees' share. At a minimum this means mailing an appropriate letter to an employee's last known address and asking for return of an appropriate form. Plaintiff has not taken even this step.

The government's motion for summary judgment is granted, and the complaint is dismissed. So ordered.