Taxes; employment taxes; "wages”; meals furnished by employer; timeliness of suit for refund. — On February 1, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff has sued for a refund of only the employer’s share of taxes imposed under the Federal Insurance Contributions Act (FICA) for the seven quarterly periods from January 1, 1974, to September 30, 1975, and for the quarter from January 1, 1976, to March 31, 1976. Plaintiff alleges that the value of meals supplied to employees for the convenience of the employer was mistakenly treated by plaintiff as taxable "wages” under I.R.C. § 3121. Rather than filing an answer, defendant filed a motion to dismiss the petition for lack of jurisdiction. Defendant alleges that plaintiffs claims for refund are defective because plaintiff failed to state any efforts to notify its employees of the possibility that they were also entitled to a refund of their share of FICA taxes. See Hotel Conquistador, Inc. v. United States, 220 Ct. Cl. 30, 31-33, 597 F. 2d 1348, 1354-55 (1979), cert. denied, 444 U.S. 1032 (1980); Atlantic Dept. Stores, Inc. *611 v. United States, 557 F. 2d 957 (2d Cir. 1977). In response, plaintiff has filed a motion for summary judgment.
Because no discovery has been conducted in this case as yet, we have concluded that the dispositive motions of both parties are premature. Further development of the facts is warranted.[1]
In addition, we raise sua sponte the possibility that this court lacks jurisdiction as to plaintiffs claim for refund for the quarter ending March 31, 1976. Plaintiff filed a claim for refund dated April 30, 1979, with respect to this quarter, and states in its brief that this refund claim has yet to be denied. Plaintiff filed its petition on July 6, 1979. I.R.C. § 6532(a)(1) provides that the taxpayer may not bring a refund suit "before the expiration of 6 months from the date of filing the claim * * * unless the Secretary renders a decision thereon within that time.” We presently take no position on the merits of this issue, which was not argued, but we believe that it should be resolved prior to any final disposition of the case.
it is therefore ordered, upon consideration of the pleadings, motions, briefs, and oral argument, that defendant’s motion to dismiss and plaintiffs motion for summary judgment are both denied without prejudice, and the case is remanded to the trial division for further proceedings.

 Although there was some discussion at oral argument regarding an investigation into the costs of presently notifying plaintiffs employees, we have determined that efforts in this direction would be fruitless since the period in which an employee could file a refund claim has expired with respect to all calendar quarters in issue except for the first calendar quarter of 1976, with respect to which the period of limitations will expire on April 15, 1980. See I.R.C. §§ 6511(a) and 6513(c).