**MACY'S NEW YORK, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 79 Civ. 1883 (LFM).

United States District Court, S. D. New York.

Feb. 11, 1980.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant by Thomas D. Warren, Asst. U. S. Atty., New York City.

Otterbourg, Steindler, Houston & Rosen, P. C., Garden City, N. Y., for plaintiff by Abraham Kaplan, Garden City.

### OPINION

MacMAHON, District Judge.

Macy's New York, Inc. ("Macy's") sues to recover an asserted overpayment of social security (FICA) taxes for the calendar year 1973. The government moves for judgment on the pleadings, Fed.R.Civ.P. 12(c), and plaintiff cross-moves for summary judgment, Fed.R.Civ.P. 56(a). Since materials outside the pleadings have been submitted and not excluded by the court, we treat both motions as motions for summary judgment.

In *Atlantic Dep't Stores, Inc. v. United States*, 557 F.2d 957 (2d Cir. 1977), our

Court of Appeals held that under 26 U.S.C. § 6413 and Treas. Reg. § 31.6413(a)–1(b)(1)(i), an employer claiming a refund of FICA taxes must adjust the corresponding overpayment made on behalf of its employees before filing its own claim. The question for decision here is whether an employer is excused from making the adjustment solely because of impracticability due to the imminent running of the statute of limitations.

In calculating the amount due the federal government in FICA tax payments for 1973, Macy's failed to exclude sick pay in determining its employees' taxable wages.[1] The net result was an overpayment of both Macy's and its employees' FICA tax liabilities. Macy's share of this overpayment allegedly amounts to $7,989.54, the amount it now seeks to recover.

The applicable statute of limitations provides that any claim to recover FICA taxes paid in 1973 had to be filed by April 15, 1977.[2] In 1976, Macy's became aware that its FICA taxes had been overpaid when it reprogrammed its automated payroll system to exclude sick pay from taxable wages. Macy's did not begin to research and prepare a claim, however, until late February or early March 1977, when its tax accountants suggested doing so for those years for which the statute of limitations had not yet run.

By April 6, 1977, Macy's had calculated the revised 1973 liability with respect to some 2,000 employees and had completed forms detailing which employees were involved, their social security numbers, and the amount of overpayments. By this time, however, Macy's asserts that it was too late to adjust its employees' overpayments before the statute of limitations ran on April 15.[3] We assume, without deciding, for the purposes of this decision that Macy's could not have adjusted its employees' overpayments by any permissible means between April 6 and April 15.

In *Atlantic Dep't Stores, Inc., supra,* the court held:

"[T]he existing statutes and regulations clearly imply an obligation on the part of the employer to claim a refund or credit on behalf of those employees *with respect to whom the employer can reasonably adjust its overpayment.*" 557 F.2d at 959 (emphasis added).

The court, in *Entenmann's Bakery, Inc. v. United States,* 465 F.Supp. 1118 (E.D.N.Y. 1979), extended this rationale to include former employees as well, holding that before filing its own claim, the employer must make some reasonable effort to adjust their overpayments, including a letter to their last known address.

In essence, Macy's contends that it could not "reasonably adjust its overpayment" within the period allowed by the statute of limitations and that, therefore, it should not be required to make such adjustment as a condition precedent to filing its own claim. This argument, we think, misconceives the rationale behind *Atlantic Dep't Stores.* There, the court recognized that since it is the employer's responsibility to collect FICA taxes from its employees, the employer is usually at fault when an overpayment is made. The employer, moreover, is in the better position to discover and remedy any such mistake, and any costs involved in adjusting the overpayments of innocent employees should be borne by the erring par-

---

1. 26 U.S.C. § 3121(a)(2)(B) excludes sick pay from the amount which must be counted in determining an employee's taxable wages for purposes of calculating both employer's and employee's FICA taxes.

2. 26 U.S.C. § 6511(a).

3. Under Treasury Regulations §§ 31.6402 and 31.6413, there are three permissible methods to adjust an employee's overpayment: (1) direct repayment by the employer (in which case the employer assumes the employee's claim against the government); (2) obtaining the written consent of the employee; and (3) crediting the overpayment against later payroll taxes prior to the expiration of the statute of limitations. The major impediment to adjustment by any of these methods appears to have been shortness of time and Macy's inability readily to produce its employees' home addresses.

ty.[4] It follows, therefore, that where adjustment is not reasonably possible because a former employee cannot be located or for some other reason not within the employer's control, no purpose would be served by prohibiting the employer from filing its own claim.

Both the time remaining before a claim is timebarred and the time necessary to effect the required employees' adjustments, however, are factors directly within the employer's control. An employer who discovers its mistake too late, or whose adjustment procedure is too slow to permit timely correction of its employees' overpayments, should not profit from its error by being permitted to file its own refund claim while wholly avoiding the possibly substantial expense of employee adjustment.

Allowing Macy's refund claim here would have the unfortunate effect of encouraging findings by employers of overpayments conveniently tardy enough to prevent employee refunds at the employer's administrative expense. Moreover, courts would no longer be able to rely on the relatively straightforward method of determining the timeliness of a claim by reference to a fixed statute of limitations; instead, it would be necessary to consider when an employer learned of a refund claim and whether there was sufficient time to adjust employees' claims.

Accordingly, we find plaintiff's claim insufficient as a matter of law because it fails to comply with the requirement of Treas. Reg. § 31.6413(a)–1(b)(1)(i) and *Atlantic Dep't Stores, supra,* that the overpayment of affected employees be adjusted first. We grant defendant's motion for summary judgment and deny plaintiff's cross-motion. The Clerk is directed to enter judgment dismissing the action.

---

**4.** The parties in *Atlantic Dep't Stores* stipulated that the expense of adjustment would average more than half of what each employee would be entitled to receive.