**Henry TANAKA, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

**Appeal No. 85–2785.**

United States Court of Appeals, Federal Circuit.

April 16, 1986.

Henry Tanaka, submitted pro se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Alvin A. Schall, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before MARKEY, Chief Judge, and RICH and KASHIWA,* Circuit Judges.

PER CURIAM.

Appeal from the decision of the Merit Systems Protection Board (board), Docket No. SF075283C0321–1, sustaining Department of the Navy's (Navy's) calculation of back pay owed Tanaka, 5 U.S.C. § 5596. We affirm.**

## OPINION

■ The presiding official rejected Tanaka's assertion that 5 U.S.C. § 5596(b)(1)(A)(i) prohibits the Navy from deducting from back pay owed him: (1) retirement and Medicare deductions; (2)

Federal and State taxes; (3) repayment of his 1982 lump sum annual leave payment; (4) and a December 1982 lump sum withdrawal from the Civil Service Retirement fund. The presiding official indicated that backpay computations are to be made as "if the personnel action had not occurred." 5 U.S.C. § 5596(b)(1)(A)(i).

Had the personnel action not occurred, Navy would have deducted appropriate sums for retirement and Medicare deductions, and paid those sums to the appropriate authorities. Tanaka cannot now complain that Navy has fulfilled its (and his) obligations under law. The presiding official also correctly sustained Navy's deduction of the annual leave and Civil Service Retirement Fund payments received by Tanaka, who now enjoys the benefits which necessarily accrue to their repayment.

■ Tanaka's challenge to the deduction of Federal and State income taxes was rejected by the board in reliance on *Ainsworth v. United States*, 185 Ct.Cl. 110, 399 F.2d 176, 185–186 (1968), wherein it was held that sums which the Government was obliged to collect pursuant to the Federal Insurance Contributions Act ("FICA") were properly deducted from backpay awards. The Back Pay Act does not expressly require withholding or deducting income taxes from back pay awards. Federal and State taxes are, however, properly withheld or deducted from back-pay awards, but under Federal and State revenue laws. It would appear that withholding or deducting should be made in the year the award is paid and at the rate applicable for that year. Rev.Rul. 78–336, 1978–2 C.B. 255. It is unclear from the presiding official's opinion whether the income tax "deduction" was or was not calculated in accord with the cited revenue ruling, and that ruling is not at issue in this case. The board is instructed to notify the agency of the need for withholding or de-

---

\* Judge Kashiwa participated in the consideration and decision of the appeal, but retired on January 7, 1986.

\*\* This opinion was originally issued in unpublished form on December 18, 1985. It is reissued for publication in response to Respondent's motion filed March 7, 1986.

ducting Federal and State income taxes in accord with the revenue laws.

Except for the potential modification noted in the preceding paragraph, we affirm on the basis of the board's opinion because we do not find that the board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982); *see Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir. 1984).

AFFIRMED.