36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mildred T. HUDSON, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 94-3302.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before ARCHER, Chief Judge, RICH, and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Mildred T. Hudson petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. DA-0752-92-0677-C-1, denying her petition for enforcement in which she requested that the Board order the Department of Housing and Urban Development (HUD) to comply with a previous Board Order mitigating HUD's removal of Ms. Hudson to a 60-day suspension and awarding Ms. Hudson back pay and benefits. An initial decision by an Administrative Judge (AJ), dated October 29, 1993, became the Board's final decision on March 18, 1994, when it denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 In her petition for enforcement, Ms. Hudson argued that HUD erred in applying her back pay remuneration to her retirement fund to repay monies she withdrew during the period in which she was appealing her removal. She also requested in her petition that she be awarded $300,000 in damages for an anxiety disorder she allegedly suffers as a result of HUD's actions. The AJ concluded that HUD had complied fully with the Board's previous order regarding back pay and that the Board need not take any action as to Ms. Hudson's damages request.
 
 
 3
 In her informal brief to this court, Ms. Hudson only addresses the issue of damages. As the AJ correctly noted, Ms. Hudson's request for damages does not pertain to any issue of compliance over which the Board may exercise its enforcement authority. See 5 C.F.R. Secs. 1201.2, 1201.3; Cowan v. United States, 710 F.2d 803 (Fed.Cir.1983) (the Board does not possess plenary jurisdiction). There is no indication in the record that Ms. Hudson ever requested such damages prior to her petition for enforcement, and Ms. Hudson may not seek by way of a petition for enforcement relief that was not part of the order for which she seeks compliance.
 
 
 4
 Although Ms. Hudson's informal brief suggests that she does not dispute the AJ's decision regarding back pay, we nonetheless believe it appropriate to address this issue to ensure that she receive full review. As properly noted by the AJ, a debt to a retirement fund resulting from a disallowed agency action is to be repaid to the fund by an offset to back pay owing. See Tanaka v. Department of the Navy, 788 F.2d 1552, 1553 (Fed.Cir.1986); Harris v. Department of Agriculture, 50 M.S.P.R. 686 (1991), aff'd, 988 F.2d 130 (Fed.Cir.1993) (table). In this case, Ms. Hudson's debt to her retirement fund exceeded the amount of back pay to which she was entitled. Accordingly, Ms. Hudson was not issued a check for back pay, as the entire amount due was applied to her retirement fund.
 
 
 5
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Having reviewed the record before us, we cannot say that the Board's decision falls within any of these categories.