**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN T. BASEDEN,
    Appellant,

  v.

DEPARTMENT OF THE NAVY,
    Agency.

DOCKET NUMBER
SF-3443-16-0190-I-1

DATE: December 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven T. Baseden, APO, APO/FPO Pacific, pro se.

Kevin E. Bolin and Wayne Randolph Wright, FPO, APO/FPO Pacific, for
 the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to further explain the reasons that the Board lacks jurisdiction over this appeal. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2    In this appeal, the appellant alleged that the agency unlawfully reduced his grade and pay while he awaited Government transportation and travelled to his new duty station following his selection for promotion from the GS-12 Civil Engineer position in Guantanamo Bay, Cuba, to the GS-13 Supervisory Civil Engineer position in Misawa, Japan. Initial Appeal File (IAF), Tab 1 at 3, 5, Tab 5 at 4. Specifically, he claimed that on October 15, 2015, while in Cuba, he received orders to report, on or about that same date, to his new duty station in Japan. IAF, Tab 1 at 5, Tab 5 at 4. On October 27, 2015, he left Cuba for the United States. IAF, Tab 1 at 5, Tab 4 at 5. He stated that he took leave ("comp time earned") from October 27 through November 1, 2015, while he was in the United States. IAF, Tab 1 at 5. For the period from November 2 through 15, 2015, he described himself as "[a]waiting for gov plane transportation per DoD travel office ticketing." *Id.* He claimed to have arrived at his new duty station on November 16, 2015. *Id.* He asserted that, "[f]or the pay period ending

14NOV15, my grade was reduced from GS-13 to GS-12 and my pay was reduced to $0." *Id.*

¶3    In a jurisdictional order, the administrative judge explained what was required to nonfrivolously allege a reduction of pay or grade claim and directed the appellant to file evidence and argument to prove that his appeal was within the Board's jurisdiction.  IAF, Tab 3.  In his jurisdictional response, the appellant characterized his claim as that he was constructively suspended for 15 days, from November 1 through 15, 2015, and constructively demoted for 20 days, from October 27 through November 15, 2015, after his permanent change of station (PCS) travel orders were retroactively modified.  IAF, Tab 5.  In its jurisdictional response, the agency argued that, even if the appellant had been constructively suspended, the suspension did not last for more than 14 days because the appellant received travel benefits for November 13 through 15, 2015, and thus was in a paid, on-duty status on those days.  IAF, Tab 10 at 4.  The agency further argued that the appellant was not reduced in grade because the offer letter and the Standard Form 50 documenting his promotion both state that his promotion would be effective on November 15, 2015.  *Id.* at 5.

¶4    After considering the jurisdictional responses, the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing.  IAF, Tab 12, Initial Decision (ID) at 1.  The administrative judge reasoned that the appellant had failed to nonfrivolously allege that he had been subjected to an appealable suspension lasting more than 14 days because 2 of the 15 days during the alleged suspension period were days that he was not regularly scheduled to work.  ID at 4-5.  The administrative judge further found that the appellant had failed to nonfrivolously allege that he had been reduced in grade because an agency's delay in effecting a promotion is not an action that is reviewable by the Board under any law, rule, or regulation.  ID at 5-6.

¶5    The appellant has filed a petition for review, asserting that the administrative judge erred by analyzing the appeal as a constructive suspension

claim instead of a claim for compensatory time off for travel. Petition for Review (PFR) File, Tab 1 at 4-5. He submitted alleged new evidence, including a leave and earnings statement for the pay period ending on January 9, 2016. *Id.* at 4, 10. The agency has opposed the petition for review, stating that the appellant was not entitled to compensatory time off for travel because PCS travel is excluded from eligibility by regulation. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to nonfrivolously allege that he was subjected to an appealable suspension or constructive suspension.</u>

¶6        Suspending a Federal employee for more than 14 days is an action that is appealable to the Board. 5 U.S.C. §§ 7512(2), 7513(d). A "suspension" is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. §§ 7501(2), 7511(a)(2). The term "constructive suspension" is properly reserved for appeals, such as this one, in which an appellant alleges that leave appearing to be voluntary was not. *Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 9 (2016); *see Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342, 1345-46 (Fed. Cir. 2016). To establish jurisdiction over a constructive suspension for leave that appears to be voluntary, the appellant must prove the following by preponderant evidence:[2] (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014); *see Rosario-Fabregas*, 833 F.3d at 1346-47 (finding that the Board's standard for establishing jurisdiction in constructive suspension cases, as forth in *Romero*, is appropriate). If the appellant makes a nonfrivolous allegation of jurisdiction, then he is entitled to a jurisdictional hearing. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed.

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Cir. 2006) (en banc). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s). For the following reasons, we find that the appellant has failed to nonfrivolously allege that his absence from work was involuntary because it was caused by improper agency action.

¶7         It is undisputed that the appellant received his final job offer on October 15, 2015, and within a few hours expressed his plan to depart Cuba on October 27, 2015. IAF, Tab 9 at 15. It is further undisputed that the appellant chose to leave Cuba that day, despite having been told not to begin travelling to his new duty station until November 15, 2015. *Id.* at 14. The appellant's theory of the case is based on his belief that he was on a "government required" layover in Seattle awaiting transportation from November 1 through 15, 2015, PFR File, Tab 1 at 5, but we find that he failed to make a nonfrivolous allegation of facts that, if proven, could support this assertion, *see Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984). The unrebutted documentary evidence shows that, prior to leaving Cuba, the appellant was instructed to ensure that his "fly out" date to Japan was November 15, 2015. IAF, Tab 9 at 14. The record reflects that the appellant took leave en route, which resulted in him arriving in Seattle an entire pay period prior to the first available flight to Japan. IAF, Tab 1 at 5, Tab 6 at 17-19. The appellant has failed to make a nonfrivolous allegation that the agency initiated his absence from work or deprived him of a meaningful choice about when to leave Cuba. Thus, we find that he was neither suspended nor constructively suspended. *See Romero*, 121 M.S.P.R. 606, ¶ 8; *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014).[3]

---

[3] Because we find that the appellant was not suspended, we do not reach the question of whether the alleged period of suspension would have satisfied the additional jurisdictional requirement that it lasted for more than 14 days. *See* 5 U.S.C. § 7512(2).

¶8    For the first time on review, the appellant references 5 U.S.C. § 5550b and argues that he was denied compensatory time off for travel. PFR File, Tab 1 at 4‑6. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 11 (2016); 5 C.F.R. § 1201.115(d). The appellant has not made such a showing here. He claims that his new argument is based on a leave and earnings statement that was mailed to him on January 26, 2016, which shows he did not earn compensatory time off for travel for his trip from Cuba to Japan. PFR File, Tab 1 at 4. This leave and earnings statement was not available prior to the close of the record below. However, to constitute new evidence, the information contained in the document, not just the document itself, must have been unavailable despite due diligence when the record closed. 5 C.F.R. § 1201.115(d). Whether the appellant was given compensatory time off for travel during the relevant time period could have been ascertained prior to the close of the record, and thus we find that this is not information that was previously unavailable.

¶9    In any event, the information submitted is immaterial to the jurisdictional issues in this appeal. Failure to provide compensatory time off for travel is not an action that is appealable to the Board. *See* 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. § 1201.3. Moreover, as stated by the agency, the appellant has failed to make a nonfrivolous allegation that he was entitled to compensatory time off for travel pursuant to a PCS. PFR File, Tab 3; *see* 5 C.F.R. § 550.1404(b)(1) ("Travel time in connection with an employee's permanent change of station is not time in a travel status.").

**The appellant failed to nonfrivolously allege that he was subjected to an actual or constructive reduction in grade or pay.**

¶10    The administrative judge appropriately found that the Board lacks jurisdiction over this appeal because the appellant failed to nonfrivolously allege

that he suffered an appealable reduction in pay or grade.  ID at 5-6.  The Board generally has jurisdiction to review an employee's appeal of a reduction in grade or pay.  5 U.S.C. §§ 7512, 7513(d).  In this context, "pay" means "the rate of basic pay fixed by law or administrative action for the position held by an employee."  5 U.S.C. § 7511(a)(4).  The right to appeal a reduction in pay has been narrowly construed and requires that the appellant show a demonstrable loss, such as an actual reduction in pay, to establish jurisdiction.  *See Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (stating that an appealable reduction in pay occurs only when there is an ascertainable lowering of an employee's pay at the time of the action).  The appellant has not alleged that his rate of pay was reduced.  Rather, he alleges that he was not paid at all for a pay period when the agency placed him on leave without pay.  Because the appellant has not made any allegation concerning his rate of pay during this pay period, he has not nonfrivolously alleged that he was subjected to a reduction in pay.

¶11       The term "grade" is defined as a level of classification under a position classification system.  5 U.S.C. § 7511(a)(3).  The appellant relies on his travel orders and travel voucher as the evidence to support his claim that he should have been promoted earlier.  IAF, Tab 5 at 5, 7, 17.  Neither document indicates the effective date of the appellant's promotion.[4]  In contrast, the agency submitted multiple documents stating that the appellant's promotion would be effective on November 15, 2015.  IAF, Tab 10 at 11-12, 14.  There is no evidence indicating that anyone with the authority to promote the appellant intended for his promotion to take place on October 27, 2015, as argued by the appellant.  PFR File, Tab 1 at 7.

¶12       An employee is deemed to have suffered a constructive demotion when he was reassigned from a position that, due to new classification standards or a

---

[4] The travel voucher was completed in December 2015, after the effective date of the appellant's promotion to GS-13.  IAF, Tab 17.

correction of a classification error, was worth a higher grade, and he was reassigned to a position classified at a lower-grade level. *Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 13 (2005). The appellant has not alleged that the position he transferred from was reclassified to a higher grade, therefore he has not nonfrivolously alleged that he suffered a constructive demotion.

¶13    For the foregoing reasons, we affirm the initial decision, which dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.