Marion A. **CHANEY**, Petitioner,

v.

**VETERANS ADMINISTRATION**, Respondent.

No. 90–3020.

United States Court of Appeals, Federal Circuit.

June 25, 1990.

David J. Mack, Erie, Pa., for petitioner.

Cynthia D. Walicki–Chan, of the Dept. of Justice, Washington, D.C., for respondent. On the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Stephen J. McHale, Asst. Director, and Lois P. Murphy. Of counsel was George Love, of the Veterans Admin., Pittsburgh, Pa.

Before NEWMAN, Circuit Judge, and MILLER, Senior Circuit Judge, and MUECKE, Senior District Judge.*

JACK R. MILLER, Senior Circuit Judge.

As explained by Petitioner in her brief, Petitioner is employed by the Veterans Administration Medical Center in Erie, Penn-

---

* Senior District Judge C.A. Muecke, United States District Court for the District of Arizona, sitting by designation.

sylvania. As a result of a reduction-in-force action (RIF), she was assigned to Supply Service as a Purchasing Agent and was granted grade retention and pay retention. Since that time she became eligible for pay raises in 1988 and 1989, but complains that these and all future pay raises have not been calculated properly under the law, namely: 5 U.S.C. § 5363(b)(1). Thus, she alleges a loss in pay for those years and in the future.

Petitioner filed an appeal with the Merit Systems Protection Board (MSPB), which dismissed the appeal for lack of jurisdiction—this notwithstanding that, as argued by Petitioner, misapplication of the computation procedures for calculating pay raises results in reduction in pay; and 5 U.S.C. § 7512(4) provides that a reduction in pay lays a foundation for an appeal to the MSPB. Further, the MSPB denies that Petitioner has suffered any *appealable* reduction in pay, whereas Petitioner insists that she is entitled to a hearing before the MSPB because she has in fact experienced a reduction in pay. The issue in this case is whether the MSPB erred in dismissing Petitioner's appeal for lack of jurisdiction.[1] We agree with the MSPB that its jurisdiction, based on a reduction in pay, arises only when an ascertainable lowering, at the time of the personnel action, of an employee's present or future pay occurs. *Garbacz v. United States*, 228 Ct.Cl. 309, 656 F.2d 628, 634 (1981).

There has been no reduction in pay within the meaning of the statute, for Petitioner's pay has regularly increased, even though there is disagreement over the calculation of the increase. Absent an actual reduction in pay, the MSPB correctly held that it lacked jurisdiction.

AFFIRMED.

---

**1.** Petitioner argues that a denial of a correct pay increase is a reduction in pay, but cites no authority. *See* 31 U.S.C. § 3702 ("except as provided in this chapter or another law, the Comptroller General shall settle all claims of or against the United States Government"); *Tana-*

*ka v. Dep't of the Navy*, 21 M.S.P.R. 278, 279–80 (1984), *aff'd*, 788 F.2d 1552 (Fed.Cir.1986) (because the Merit Systems Protection Board would not resolve disputes concerning specific elements of a back pay award, these issues were left to the Comptroller General).