NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3122

JAMES W. HUNT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

James W. Hunt, of Bethesda, Maryland, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3122

JAMES W. HUNT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————————

DECIDED:  October 4, 2007

———————————————

Before BRYSON, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and KEELEY, <u>Chief District Judge</u>.[*]

PER CURIAM.

## DECISION

James W. Hunt petitions for review of a final decision of the Merit System Protection Board dismissing Mr. Hunt's appeal from an alleged reduction in pay.  We <u>affirm</u> the decision of the Board.

———————————————

[*]     Honorable Irene M. Keeley, Chief Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

BACKGROUND

In 1989, Mr. Hunt was hired for the position of Administrative Law Judge with the U.S. Department of Agriculture ("USDA") at pay level AL-3. In 1999, the USDA announced an opening for the position of Chief Administrative Law Judge, also to be paid at pay level AL-3. According to Mr. Hunt, the Office of Personnel Management ("OPM") had classified that position at the higher AL-2 pay level, and the previous Chief Administrative Law Judge was paid at that level. During the interview process, the USDA told applicants that the position might be restored to the higher AL-2 pay level at some unspecified future date.

The USDA selected Mr. Hunt as Chief Administrative Law Judge, and he served in that position for three years at the AL-3 pay level. He then retired from the position and filed an appeal with the Board alleging that he had been constructively removed and that he had suffered a reduction in pay, in violation of 5 U.S.C. § 7521.

Section 7521 applies to administrative law judges. It provides that an agency ordinarily may not remove or reduce the pay of an administrative law judge without a Board hearing and determination that the action is for good cause. 5 U.S.C. § 7521.

The Board assigned Mr. Hunt's case to its Chief Administrative Law Judge ("CALJ") for adjudication. Addressing the question whether Mr. Hunt's appeal was covered by section 7521, the CALJ held that Mr. Hunt had not alleged facts sufficient to establish that the USDA had constructively removed him from his position. The CALJ also rejected Mr. Hunt's allegations that he suffered a reduction in pay when the agency filled the Chief Administrative Law Judge position at pay level AL-3. The CALJ reasoned that Mr. Hunt suffered no reduction in pay because, although Mr. Hunt took on

new responsibilities in his new position, his pay was never reduced. Because the CALJ found that the actions alleged by Mr. Hunt were not covered by section 7521, the CALJ dismissed Mr. Hunt's appeal. The full Board denied Mr. Hunt's petition for review.

Mr. Hunt appealed the Board's decision to this court. He argued that the USDA's reduction of the salary of a position that he would later occupy was a "reduction in pay" covered by section 7521. The government argued that Mr. Hunt did not suffer a "reduction in pay" because his compensation was never reduced. We affirmed without opinion.

Mr. Hunt then filed another appeal with the Board, again alleging that the USDA had reduced his pay by filling the Chief Administrative Law Judge position at pay level AL-3. In that appeal, Mr. Hunt argued that he had a right to appeal under 5 U.S.C. §§ 7512 and 7513. Section 7513 creates a right to appeal from actions covered by section 7512. Section 7512 covers reductions in pay, but it expressly excludes from its coverage "an action initiated under . . . section 7521 of this title." Mr. Hunt sought to avoid that exclusion by arguing that because the alleged reduction in pay was not initiated under the procedures of section 7521, the exclusion did not apply and his appeal under sections 7512 and 7513 was proper.

The Board assigned Mr. Hunt's appeal to an administrative judge who held that the Board lacked jurisdiction over Mr. Hunt's appeal for two reasons. First, the administrative judge held that the exclusion for an "action initiated under . . . section 7521" refers to any action covered by section 7521, whether or not the agency followed the procedures of that section in taking the action. See In re Doyle, 29 M.S.P.R. 170, 173 (1985) ("The Board holds that when an administrative law judge's allegation

concerns an agency action covered under section 7521 and he alleges the action was taken without the required hearing and decision by the Board, the Board must consider the complaint under section 7521 regardless of the form of the complaint."). Second, the administrative judge ruled that an appealable "reduction in pay" within the meaning of section 7512 requires an actual reduction in the employee's salary. The full Board denied Mr. Hunt's petition for review. Mr. Hunt now appeals.

## DISCUSSION

We agree that the Board lacked jurisdiction over Mr. Hunt's appeal because his allegations do not establish an appealable "reduction in pay" within the meaning of section 7512. In Chaney v. Veterans Administration, 906 F.2d 697, 698 & n.1 (Fed. Cir. 1990), this court held that the denial of a pay increase is not an appealable reduction in pay, even if the employee is legally entitled to the pay increase. Rather, the court held that an appealable reduction in pay requires "an ascertainable lowering, at the time of the personnel action, of an employee's present or future pay." Just as the Board in Chaney lacked jurisdiction over Ms. Chaney's complaint that she was improperly denied a pay raise, the Board lacked jurisdiction over Mr. Hunt's complaint that the USDA denied him a salary as Chief Administrative Law Judge that was higher than the salary he received in his previous position. Because the USDA's conduct, as alleged by Mr. Hunt, does not constitute a "reduction in pay" within the meaning of section 7512, we affirm the Board's decision dismissing Mr. Hunt's appeal. We need not reach Mr. Hunt's arguments that the Board's alternative ground for dismissal was erroneous.

To the extent that Mr. Hunt's argument amounts to a contention that he was entitled to the pay of a higher-graded position, his argument runs afoul of the well-

recognized principle that there is no right "to a governmental position to which one has not been appointed" and, correspondingly, that "the salary of a Government job is payable only to the person appointed to that position." <u>United States v. Testan</u>, 424 U.S. 392, 396 (1976). To the extent that his argument is that the agency's classification of his position was incorrect, his remedy is not by way of an appeal from a purported "reduction in pay" under 5 U.S.C. § 7513. The statutory remedy for a person who believes his position has been classified improperly for pay purposes is to request that the Office of Personnel Management audit the position and direct the agency to change the grade of the position. <u>See</u> 5 U.S.C. § 5112(b).