# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN TOD BASEDEN,
               Appellant,

          v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBERS
DC-3443-15-0743-I-1
DC-0752-15-0372-I-1

DATE: March 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Steven Tod Baseden, Juneau, Alaska, pro se.

Thomas A. Damisch, Jacksonville, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeals for lack of jurisdiction by applying the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to dismiss MSPB Docket No. DC-3443-15-0743-I-1 for lack of jurisdiction without applying the doctrine of collateral estoppel, we AFFIRM the initial decision.

## BACKGROUND

¶2 The agency selected the appellant for a Civil Engineer position at the GS-12 grade level. *Baseden v. Department of the Navy*, MSPB Docket No. DC-3443-15-0743-I-1, Initial Appeal File (0743 IAF), Tab 6 at 58-76. A rotation agreement, which the appellant signed on December 11, 2013, indicated that he was appointed at the GS-12, step 5 rate. *Id.* at 72. According to the agency, the appellant attempted to negotiate a GS-12, step 5 rate of pay, but was appointed at the GS-12, step 1 rate of pay. *Id.* at 19. The appellant's appointment was in the competitive service and was subject to a 1-year probationary period. *Id.* at 60.

¶3 The appellant filed an appeal, *Baseden v. Department of the Navy*, MSPB Docket No. DC-3443-14-0468-I-1, alleging that he should have been reinstated to his position rather than appointed and that the correct pay rate for the position was GS-12, step 5. *Id.* at 125-35. The administrative judge issued an initial decision, without holding a hearing, dismissing the appeal for lack of jurisdiction because he found that the appellant could not establish that he was an employee within the meaning of 5 U.S.C. § 7511(a)(1), and thus he lacked adverse action

appeal rights pursuant to 5 U.S.C. chapter 75. *Id.* The initial decision included a statement that the appellant had not made a nonfrivolous allegation that he suffered a reduction in pay. *Id.* at 130. The appellant filed a petition for review, and the Board issued a final decision on December 4, 2014, affirming the initial decision but modifying it to find that, if the appellant had established he was an employee within the meaning of 5 U.S.C. § 7511(a)(1), he would have made a nonfrivolous allegation of jurisdiction. *Baseden v. Department of the Navy*, MSPB Docket No. DC-3443-14-0468-I-1, Final Order (Dec. 4, 2014) (Final Order); 0743 IAF, Tab 6 at 117-23. The appellant appealed the final decision to the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision and declined to address the issue of whether the appellant would have made a nonfrivolous allegation of jurisdiction if he met the statutory definition of an employee. *Baseden v. Merit Systems Protection Board*, No. 2015-3069, 2015 WL 5946035 (Fed. Cir. Oct. 14, 2015).

¶4 On January 23, 2015, the appellant filed a second appeal with the Board, alleging that the agency committed harmful procedural error when it selected and appointed him to a GS-12, step 5 position but only paid him at the GS-12, step 1 rate. *Baseden v. Department of the Navy*, MSPB Docket No. DC-0752-15-0372-I-1, Initial Appeal File (0372 IAF), Tab 1 at 3. On May 19, 2015, the appellant filed a third appeal alleging that the agency failed to correct his pay rate in accordance with the Board's decision in his first appeal. 0743 IAF, Tab 1 at 5. The administrative judge joined his second and third appeals and dismissed them, without holding a hearing, for lack of jurisdiction by applying the doctrine of collateral estoppel. 0372 IAF, Tabs 9-10; 0743 IAF, Tab 12, Initial Decision (ID).

¶5 The appellant has filed a petition for review arguing that the doctrine of collateral estoppel does not apply and that he is raising matters within the Board's jurisdiction. Petition for Review (PFR) File, Tab 1. The agency has filed a

response in opposition to the petition for review.  PFR File, Tab 4.  The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's second appeal, MSPB Docket No. DC-0752-15-0372-I-1, was properly dismissed for lack of jurisdiction under the doctrine of collateral estoppel.

¶6        The Board applies collateral estoppel to determine whether a previous adjudication of a jurisdictional issue precludes its relitigation.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15-20 (2005).  Collateral estoppel, or issue preclusion, is appropriate when:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom the issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action.  *Id*., ¶ 15.  Collateral estoppel may bar a party from relitigating an issue in a second action even when the prior appeal was dismissed for lack of jurisdiction.  *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 8 (2003).  Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction where a prior finding of lack of jurisdiction is afforded collateral estoppel effect.  *Id*. at ¶¶ 10-11.

¶7        The appellant argues that collateral estoppel does not apply to his pending appeals because the jurisdictional issues are not identical and the jurisdictional "defect" in his first appeal has been cured because he now meets the statutory definition of an "employee."  PFR File, Tab 1 at 6-10.  Jurisdiction is established by the status of the parties on the date the appealed action is effectuated.  *Pratt v. Veterans Administration*, 3 M.S.P.R. 288, 289 (1980).  In his second appeal, the appellant contests the agency's initial setting of his pay.  0372 IAF, Tab 1 at 3.  Although he claims that the agency committed harmful error and acted unlawfully in doing so, the action being appealed is the setting of his pay.  *Id.*; PFR File, Tab 1 at 6-7.  The agency set the appellant's rate of pay at the GS-12, step 1 rate

on January 22, 2014, 0372 IAF, Tab 4 at 48, and his status on that date dictates whether he has a right to bring a Board appeal regarding an alleged reduction in pay pursuant to 5 U.S.C. §§ 7512(4), 7513(d), *see Pratt*, 3 M.S.P.R. at 289.  As the Board previously found in its December 4, 2014 final decision in his first appeal, which the Federal Circuit has affirmed, the appellant did not meet the relevant statutory definition of "employee" with Board appeal rights on that date. Final Order, ¶ 11; 0743 IAF, Tab 6 at 44.  Because this issue was actually litigated in the prior appeal, the determination on this issue was necessary to the judgment, and the appellant was fully able to represent his interests both before the Board and the Federal Circuit, we find that the administrative judge properly determined his second appeal was barred by the doctrine of collateral estoppel. ID at 4-5.

¶8    The appellant argues that the Board should decline to apply collateral estoppel in this instance because it would result in an injustice and compromise public policy.  PFR File, Tab 1 at 10-12.  We find his arguments unavailing.  The appellant has had a full and fair opportunity to litigate the pertinent jurisdictional issues.  As the Board previously has recognized, it would be contrary to the purpose of a probationary period and statutory restrictions on appeal rights to allow employees to appeal actions taken during their probation merely because of continuing effects after the probationary period ended.  *See Pratt*, 3 M.S.P.R. at 289.

The doctrine of collateral estoppel does not apply to the jurisdictional issues in the appellant's third appeal, MSPB Docket No. DC-3443-15-0743-I-1.

¶9    In his third appeal, the appellant alleges that he requested that the agency correct his pay pursuant to the Board's decision in his first appeal, and the agency refused to take action.  0743 IAF, Tab 1 at 5.  Below, the administrative judge applied the doctrine of collateral estoppel and dismissed this appeal for lack of jurisdiction.  ID at 4-5.  In determining whether an issue is identical, differences precluding the application of the doctrine of collateral estoppel may be in facts,

subject matter, periods of time, case law, statutes, procedural protections, notions of public interest, or qualifications of tribunals. *Tanner v. U.S. Postal Service*, 94 M.S.P.R. 417, ¶ 11 (2003). Before the doctrine of collateral estoppel can be invoked, the legal matter raised in the subsequent proceeding must involve the same set of events or documents. *Id.* The action the appellant contests in his third appeal is related to the action he raised in the first appeal, but it is not identical. In his third appeal, the appellant is arguing that, after he completed his probationary period and became an employee with adverse action appeal rights, the agency refused to grant his request to correct his pay. 0743 IAF, Tab 1 at 5; PFR File, Tab 1 at 5, 7. Therefore, we find that, because his appeal rights status as of January 22, 2014, is not the dispositive jurisdictional issue as it was in his prior appeals, the doctrine of collateral estoppel does not apply to the third appeal, and we modify the initial decision accordingly.

The Board lacks jurisdiction over the appellant's third appeal, MSPB Docket No. DC-3443-15-0743-I-1, because the action being contested is not appealable to the Board.

¶10 The appellant bears the burden of establishing jurisdiction over his appeal and may make a prima facie showing of jurisdiction by establishing that his rate of basic pay was reduced. *Vega v. U.S. Postal Service*, 108 M.S.P.R. 221, ¶ 11 (2008). The appellant misinterprets the Board's December 4, 2014 decision when he concludes that the Board found his pay rate should be GS-12, step 5, and argues that an appealable reduction in grade occurred when the agency failed to raise his rate of basic pay after that decision was issued. PFR File, Tab 1 at 4. The Board dismissed the appellant's first appeal because he was not an employee with Board appeal rights, and it did not make any findings of fact regarding the merits of his reduction-in-pay claim. Final Order, ¶¶ 10-11; 0743 IAF, Tab 6 at 122-23. In so doing, the Board determined that the appellant made a nonfrivolous allegation that he suffered a loss in pay. The fact remains, however, that the appellant was not a statutory "employee" when this alleged adverse

action occurred, and the Board dismissed the appellant's first appeal on that basis. *Id*.

¶11     The right to appeal a reduction in pay has been narrowly construed and requires a demonstrable loss, such as an actual reduction in pay, to establish jurisdiction. *See Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (explaining that an appealable reduction in pay occurs only when there is an ascertainable lowering of the employee's pay at the time of the action). The appellant does not allege that his pay was lowered. Rather, he alleges that the agency failed to raise his pay. 0743 IAF, Tab 1 at 3, 5. An allegation that an agency failed to raise an employee's pay is not an appealable reduction in pay. *See Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 7 (2014). The appellant attempts to use our previous decision to create an appealable action by stating that the agency had an obligation to change his rate of pay. 0743 IAF, Tab 9 at 7-9. However, if the agency was required to take corrective action based on the previous decision, the Board would have ordered the agency to take that action. *See* 5 C.F.R. § 1201.181(a). The Board did not do so, and we dismiss the appellant's third appeal, MSPB Docket No. DC-3443-15-0743-I-1, for lack of jurisdiction because the agency's refusal to raise his pay is not an appealable action.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.