# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REVONNIA F. HORNSBY,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-17-0284-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: March 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Revonnia F. Hornsby</u>, Woodbridge, Virginia, pro se.

<u>J. Michael Sawyers</u>, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant filed an appeal alleging that she was subjected to a reduction in pay while employed with the Defense Threat Reduction Agency (DTRA). She alleged that she received only half of the annual pay increases that other Federal employees received from 2014 through 2017, after her management-directed conversion from a position under the General Schedule (GS) to the National Security Personnel System (NSPS) and back to the GS system with pay retention. Initial Appeal File (IAF), Tab 1 at 3, 5.[2] The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the Board has no jurisdiction over an alleged improper calculation of a pay raise and that the appellant had failed to allege an appealable reduction in pay even assuming her allegations were true. IAF, Tab 4 at 5-6. The administrative judge issued a show cause order explaining what was required to nonfrivolously allege a reduction in pay or grade claim and directed the appellant to file evidence and argument to prove that her appeal was within the Board's jurisdiction. IAF, Tab 5. In response, the appellant restated her allegation that the agency paid her half of the annual pay raises received by other Federal employees, which negatively affected her base pay and caused her financial harm. IAF, Tab 6. In an initial decision dated March 24, 2017, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege an appealable reduction in pay or grade. IAF, Tab 7, Initial Decision (ID) at 1, 5. The administrative judge informed the parties that the initial decision would become final if neither party filed a petition for review by April 28, 2017. ID at 5.

On September 20, 2018, more than 1 year and 4 months after the finality date of the initial decision, the appellant filed a petition for review reasserting her claim that DTRA gave her incorrect pay raises. Petition for Review (PFR) File, Tab 1 at 3, 5. She asserts that she is now employed by the Marine Corps

---

[2] The appellant stated on the appeal form that her grade or pay band was "GS and GG-13" at the time of the action she was appealing. IAF, Tab 1 at 1.

Intelligence Activity (MCIA), and, in discussing her personnel records with a human resources representative there, she became aware of new information demonstrating that the respondent agency provided her and the administrative judge with incorrect information about her pay system that led to the erroneous dismissal of her appeal.[3]  *Id*. at 8.  She also indicates that she received back pay in August 2018 purportedly to correct an error in her 2017 pay, but she claims that the amount of the back pay she received was incorrect.  *Id*. at 9.

The appellant has filed a motion asking the Board to waive the time limit for filing her petition because the agency "provided and applied the wrong information from the beginning, and when [they] did realize and agree that they shorted/reduced [her] pay, [they] took five months to provide [her] back pay."  PFR File, Tab 3 at 5.  The appellant submits copies of several documents that were already part of the record in this matter.  *Id*. at 6-29.  She submits email chains dated December 2015 and March 2018, *id*. at 30-35, as well as documentation regarding her pay correction in August 2018, *id*. at 36-37; PFR File, Tab 1 at 7, 10.  The agency has filed a response arguing, as relevant here, that the Board should dismiss the petition for review as untimely filed because the appellant has failed to show good cause for her delayed filing.  PFR File, Tab 4 at 5.  For the reasons stated below, we dismiss her petition for review as untimely filed without good cause shown for the filing delay.

---

[3] The appellant alleges that, months after she left DTRA, she learned from MCIA that the Office of the Secretary of Defense of Intelligence provides an annual "pay guidance for [General Grade] employees to [Defense Civilian Intelligence Personnel System] Human Resource offices."  PFR File, Tab 1 at 8.  She alleges that she became aware that the agency representative provided the Board with information on appeal that applied to GS employees; however, she was a General Grade employee, not a GS employee.  *Id*.  She also alleges that the agency wrongfully applied the GS pay guidance to her, "which reduced [her] pay to 50% of the general pay increase for January 2017."  *Id*.

**DISCUSSION OF ARGUMENTS ON REVIEW**

Generally, a petition for review must be filed within 35 days after the issuance of an initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, there is no dispute that the appellant timely received the initial decision, and she filed her petition for review more than 16 months after the time limit. The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a petition in a timely manner. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has failed to establish good cause for her untimely petition for review. First, the appellant knew or should have known that her position fell under the General Grade (GG) salary table, and not the GS salary table. Indeed, she included the GG designation on her initial appeal form and in her response on the jurisdictional issue. IAF, Tab 1 at 1, Tab 6. Thus, we find that exercise of due diligence would have enabled her to have informed the administrative judge or filed a timely petition for review on the issue that the agency had provided the wrong salary table.

Second, the appellant offers no explanation for her delay in filing her petition for review more than 6 months after she allegedly discovered the new information. PFR File, Tab 3 at 4. Although the appellant's pro se status is a factor weighing in her favor, it is insufficient to excuse her untimely filing. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004). We find that the more than 6-month delay between the appellant's apparent discovery of the new evidence in March 2018 and the filing of the petition for review in September 2018 demonstrated a lack of diligence. *See Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a more than 1-month delay in filing a petition for review significant); *cf. Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1363 (Fed. Cir. 2010) (ordering the Board to waive the time limit for filing a petition for review if the delay between the appellant's discovery of the alleged new evidence of fraud and his filing of his petition did not indicate a lack of diligence). The appellant submits no evidence or argument showing the existence of circumstances beyond her control or of unavoidable casualty or misfortune that might have caused an inability to file a petition promptly after her apparent discovery of new evidence. *See Wyeroski*, 106 M.S.P.R. 7, ¶ 7. We therefore find that the appellant has failed to demonstrate good cause to justify waiving the filing deadline in this case.

When a petitioner delays before filing a petition for review, justice may require waiving the timeliness requirement when the new evidence is likely to change the result originally reached. *See Armstrong*, 591 F.3d at 1362-63; *De Le Gal v. Department of Justice*, 79 M.S.P.R. 396, 399 (1998) (holding that the discovery of new evidence may establish good cause for the untimely filing of a petition for review if the appellant shows that it was not readily available before the record closed below and that it is of sufficient weight to warrant an outcome different from that of the initial decision), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table). Here, we find that the appellant's new evidence is not likely to change the administrative judge's dismissal of the case for lack of jurisdiction.

The right to appeal reductions in pay has been narrowly construed and requires the appellant to show a demonstrable loss, such as an actual reduction in pay, in order to establish jurisdiction. *See Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (stating that an appealable reduction in pay occurs only when there is an ascertainable lowering of an employee's pay at the time of the action). Pay-setting errors generally are not appealable to the Board, absent a reduction in grade or pay. *See Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 5 (2004); *Goettmann v. Department of the Air Force*, 10 M.S.P.R. 95, 96-97 (1982) (finding no jurisdiction over the appellants' claims that they were promoted without required pay increases because there was no reduction from the amount they were paid prior to the promotions). The appellant has acknowledged that her pay regularly increased and she does not allege that she was entitled to a higher grade upon her conversion from NSPS to a GS or a GG position with pay retention. IAF, Tab 1 at 5; PFR File, Tab 3 at 4; ID at 3-4. *see Chaney*, 906 F.2d at 698 (finding that an appellant with grade and pay retention, whose pay had regularly increased, had failed to nonfrivolously allege an appealable reduction in pay based on her allegations that her pay raises were calculated incorrectly).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the Board's lack of jurisdiction over this appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.