# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

INEZ KELLY,
             Appellant,

v.

DEPARTMENT OF THE NAVY,
             Agency.

DOCKET NUMBER
AT-0752-18-0382-I-1

DATE: April 25, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Inez Kelly</u>, Orlando, Florida, pro se.

<u>Michael L. Torres</u>, Esquire, Orlando, Florida, for the agency.

### BEFORE

Cathy A Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal that the agency subjected her to a reduction in grade or pay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement and clarify the nature of the action at issue, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed under a Science and Technology Reinvention Laboratory (STRL) Personnel Management Demonstration Project during the time relevant to this appeal. She initially held the position of Supervisory General Engineer, NM-05, in the competitive service at a basic pay rate of $112,319 in Orlando, Florida. Initial Appeal File (IAF), Tab 4 at 11-12. On March 23, 2015, the agency selected the appellant for a temporary detail assignment as a General Engineer (Scientific Advisor), DP-05, also in the competitive service, for U.S. Naval Forces Central Command, Fifth Fleet, in Manama, Bahrain, effective November 1, 2015. *Id.* at 19-21, 22-29. The appellant's basic pay rate of $117,935 was set in accordance with the STRL performance plan. IAF, Tab 4 at 11-12, Tab 5 at 30-31. The agency extended the appellant's temporary assignment in Bahrain to January 25, 2018, by which point her basic pay rate had increased to $133,736. IAF, Tab 4 at 11, 22-23, Tab 5 at 45-64. On January 25, 2018, the agency returned the appellant to her position as a

Supervisory General Engineer, NM-05, at a basic pay rate of $116,181.[2] IAF, Tab 4 at 10, Tab 5 at 91-92.

The appellant filed an appeal with the Board alleging that the agency "committed a prohibited personnel practice by violating the merit system principles" when it reduced her basic pay by over 13%. IAF, Tab 1 at 3. She indicated that she did not want a hearing. *Id.* at 2. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant did not suffer an appealable reduction in pay. IAF, Tab 4. The appellant asserted that, because the regulations cited by the agency apply to a temporary promotion, which is not the action at issue, the Board has jurisdiction over her appeal. IAF, Tab 5 at 6-7. In an Order to Show Cause, the administrative judge notified the appellant that the Board may not have jurisdiction over her appeal and ordered her to file evidence and argument showing that the Board has jurisdiction. IAF, Tab 6 at 1-2. In her response, the appellant directed the administrative judge to her earlier submission. IAF, Tab 7 at 4.

Based on the written record, the administrative judge dismissed the appeal, finding that the Board lacks jurisdiction to consider the appellant's claims because she failed to show that she suffered a reduction in grade or pay within the meaning of 5 U.S.C. § 7512. IAF, Tab 8, Initial Decision (ID) at 1, 4. In so doing, the administrative judge cited to 5 C.F.R. § 752.401(b)(12) and 5 C.F.R. § 335.102(f)(1), which exclude from Board jurisdiction actions that terminate temporary or term promotions. ID at 3-4. The administrative judge further found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's allegations of discrimination and prohibited personnel practices. ID at 5.

---

[2] Upon her return to her permanent position, the appellant actually received an increase in pay. While the re-addition of locality pay resulted in a higher adjusted basic pay of $134,038, it is not the proper point of reference. IAF, Tab 5 at 72; *see Campbell v. Department of Veterans Affairs*, 93 M.S.P.R. 70, ¶ 6 (2002) (stating that, for purposes of determining whether an employee has suffered a reduction in pay, locality pay is not considered part of an employee's basic pay).

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review, and the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's overseas assignment as a DP-05 General Engineer (Scientific Advisor) was a reassignment.

The appellant disputes the nature of the action at issue, alleging that her overseas assignment as a DP-05 General Engineer (Scientific Advisor) was a temporary reassignment, not a temporary promotion, as characterized by the agency and the administrative judge. PFR File, Tab 1 at 5, Tab 4 at 5. The appellant's Standard Form 50 (SF-50) reflects that the action was taken pursuant to 5 C.F.R. § 335.102, which addresses an agency's authority to promote, demote, or reassign an employee. IAF, Tab 4 at 11.

The agency argues that the legal authority cited on the appellant's SF-50 authorizes its action to make a time-limited promotion to fill a temporary position for a specified period. IAF, Tab 4 at 7-8; *see* 5 C.F.R. § 335.102(f). Under 5 C.F.R. § 335.102(f)(1), "[an] employee may be returned at any time to the position from which temporarily promoted, or to a different position of equivalent grade and pay, and the return is not subject to the procedures in parts 351, 432, 752, or 771 of this chapter." The Board lacks jurisdiction over such an action, if the agency informed the employee that the promotion was to be limited duration. ID at 3; *see* 5 C.F.R. § 752.401(b)(12).

The fact that the agency may have characterized the appellant's overseas assignment as a temporary promotion is not dispositive of whether a temporary promotion actually occurred. It is the actual nature of the action appealed, not the agency's characterization of it, which determines whether the Board has jurisdiction over that action. *Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 327 (1994); *see Russell v. Department of the Navy*, 6 M.S.P.R. 698, 704 (1981) (observing that the Board is not obligated to accept the assertion of a party as to

the nature of a personnel action, but may make its own independent determination regarding that matter).

Here, the appellant's overseas assignment as a DP-05 General Engineer (Scientific Advisor) is not that of a temporary promotion, even as contemplated by the agency. The appellant's SF-52s, SF-50s, and STRL Pay Setting Worksheet, dated September 17, 2015, show that the agency designated the action as a "reassignment."[3] IAF, Tab 5 at 30-31, 33-34, 38, 41, 42, 68-69, 72. In addition, the agency refers to the action as a "detail assignment" throughout the memorandum of agreement, dated August 28, 2015, thereby reinforcing its classification as such. IAF, Tab 4 at 24-28.

Pursuant to the regulations governing the STRL Demonstration Project, a reassignment, which is the action that best describes the appellant's situation, is the movement of an employee "to a different position or set of duties within his/her pay band or to a position in a comparable pay band, or from a non-demonstration project position to a demonstration project position at a comparable level of work, on either a temporary or permanent basis." IAF, Tab 5 at 27; *see* STRL Personnel Management Demonstration Project, Department of Navy, Naval Air System Command, Naval Air Warfare Center, Aircrafts Division (NAWCAD) and Naval Air Warfare Center, Weapons Division (NAWCWD), 76 Fed. Reg. 8530, 8549 (Feb. 14, 2011).[4] By contrast, a promotion is the

---

[3] The agency's characterization of the action is not consistent, as evinced by a singular reference to the action as a temporary promotion to a GS-15 (or equivalent) pay band in the memorandum of agreement. IAF, Tab 4 at 25. Nonetheless, the record evidence and the legal authority support a finding that the nature of the action is a reassignment.

[4] Section 342(b) of the National Defense Authorization Act (NDAA) for Fiscal Year (FY) 1995 authorizes the Secretary of Defense to conduct personnel demonstration projects at Department of Defense laboratories designated as STRLs. 76 Fed. Reg. at 8530. The NAWCAD and NAWCWD are listed in subsection 1105(a) of NDAA for FY 2010 as newly designated STRLs. *Id.* The appellant is employed within the Naval Air Warfare Center, Training Systems Division (NAWCTSD). IAF, Tab 4 at 11. The agency clarified, however, that it set the appellant's pay in the STRL Demonstration Project in accordance with the referenced Federal Register Notice. IAF, Tab 5 at 30; *see* 76 Fed. Reg. 8530.

movement of an employee to a higher pay band in the same or different occupational family. *Id.*; *see* IAF, Tab 5 at 27. Here, the appellant was moved to a position within the same pay band in a different occupational family. IAF, Tab 5 at 30, 33. Her permanent position is in Band V of the Supervision and Management occupational family (NM Pay Plan) and her temporary position was in Band V of the Scientific and Engineering occupational family (DP Pay Plan). *Id.* at 24-25, 30, 33.

Within the STRL Demonstration Project, the agency has "greater managerial control over personnel functions through a more responsive and flexible personnel system." 76 Fed. Reg. at 8536. The appellant's managers adopted the flexibility of the STRL Demonstration Project to increase the appellant's pay by up to and including 5%—the designated maximum for a reassignment within her pay band. IAF, Tab 5 at 30-31; *see* 76 Fed. Reg. at 8534, 8551. There is no indication in the record that the agency implemented the pay setting guidelines for a promotion to a higher pay band, which states that "the minimum base pay increase . . . [is] 6% or the minimum base pay rate of the new pay band, whichever is greater." 76 Fed. Reg. at 8550.

The appellant has not suffered an appealable reduction in pay or pay band.

The nature of the action at issue is a temporary reassignment. In order for a reassignment to fall within the Board's jurisdiction under 5 U.S.C. chapter 75, it must result in a reduction in grade or a reduction in pay. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 10 (2009); *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001).

The appellant's movement within the STRL Demonstration Project, namely her return to her NM-05 position upon the expiration of her reassignment in the DP-05 position, does not constitute an appealable reduction in grade.[5] IAF, Tab 5

---

[5] The appellant has not alleged that she suffered a reduction in grade due to a lowering of her "virtual" General Schedule (GS) grade. She acknowledges that she was temporarily reassigned to the DP-05 position (GS-15 equivalent) and then returned to the NM-05 position (GS-14 equivalent) she initially held. IAF, Tab 5 at 11.

at 72, 91. Grade means "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3). For purposes of the STRL Demonstration Project, the term "grade" is replaced with "pay band."[6] 76 Fed. Reg. at 8558, 8561.

As her reassignment was temporary in nature, the appellant retained her permanent position with its pay band level throughout the events at issue in this appeal. The appellant remained within the STRL Demonstration Project; the agency did not move the appellant across or between position classification systems. Even if there was evidence to the contrary, we are not persuaded that a reduction in pay band occurred. *Cf. Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 12 (2012) (finding no reduction in grade occurred based solely on the appellant's conversion from a YC-2 position within the NSPS to a GS-13 position); 76 Fed. Reg. at 8561 (stating that, within the STRL Demonstration Project, a reduction in pay band is not an adverse action if it results from the employee's rate of base pay being exceeded by the minimum rate of base pay for her pay band).

The agency's adjustment of her basic pay rate at the time she returned to her NM-05 position does not constitute an appealable reduction in pay. IAF, Tab 5 at 72, 91. The right to appeal a reduction in pay has been narrowly construed and requires a demonstrable loss, such as an actual reduction in pay, to establish jurisdiction. *See Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (explaining that an appealable reduction in pay occurs only when there is an ascertainable lowering of the employee's pay at the time of the

Any "virtual" GS grade associated with the positions the appellant held plays no role in determining whether she suffered a reduction in grade. *See Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 8 (2012).

[6] In the STRL Demonstration Project, there are several occupational families with pay bands designed to facilitate pay progression. 76 Fed. Reg. at 8537. Pay bands replace individual grades. *Id.* at 8538. Each occupational family is divided into three to six pay bands with each pay band covering the same basic pay rate range that would be covered by one or more GS grades. *Id.*

action). Pay is defined as the "rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4).

The appellant argues that she is entitled to the higher basic pay rate of the DP-05 position to which she was temporarily reassigned,[7] given that "the [a]gency illegally eliminated the step increases with pay awarded for performance" in the STRL Demonstration Project. PFR File, Tab 1 at 6-7, Tab 4 at 5; IAF, Tab 5 at 14-17. An agency's failure to increase an employee's pay is not an appealable reduction in pay. *Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 7 (2014).

To the extent that the temporary reassignment may be considered a detail,[8] as described in the memorandum of agreement dated August 28, 2015, we are not persuaded that the appellant's detail to the DP-05 position and her return to her NM-05 position, with its accompanying variations in basic pay rate, are within the Board's jurisdiction. IAF, Tab 4 at 24-28. A detail by its very nature is temporary and involves no formal appointment; the employee continues to be the

---

[7] The appellant opines that the agency should have set her basic pay rate at $133,736, as required by 5 C.F.R. §§ 531.205, 531.213, and 76 Fed. Reg. 8530, or $127,359, as required by STRL Implementing & Operating Procedures. PFR File, Tab 1 at 6-8, Tab 4 at 5-6. The record shows no action on the part of the agency to make changes to her basic pay rate in the context of 5 C.F.R. § 531.205 (an official worksite change action) or 5 C.F.R. § 531.213 (a lateral change in position). The agency's readjustment of the appellant's basic pay rate merely reflected the reversion of her pay to that of her NM-05 position upon the expiration of her reassignment to the DP-05 position, during which she received a higher basic pay rate, as a result of salary adjustments, step increases, and performance based pay increases. IAF, Tab 5 at 45-64, 91-92. Because the Board lacks jurisdiction over the appeal, it need not address the issue of whether the agency complied with the referenced pay setting guidelines.

[8] The STRL Demonstration Project provides the NAWCAD and NAWCWD an Expanded Detail and Temporary Promotion Authority "(1) to effect details up to one year to specified positions at the same or similar level; and (2) to effect details or temporary promotions to a higher pay band position up to one year within a 24-month period without competition." 76 Fed. Reg. at 8550. The memorandum of agreement, however, states that the expected duration for the detail was 24 months and it may be extended to no longer than 30 months. IAF, Tab 4 at 24. Thus, the detail does not appear to fall within the said parameters; however, the appellant, as a NAWCTSD employee, may not be subject to the time limitation of a detail under the expanded authority. *Id.*

incumbent of the position from which she was detailed. *Rogers v. Department of the Army*, 88 M.S.P.R. 610, ¶ 8 (2001); *Chambers v. U.S. Postal Service*, 77 M.S.P.R. 337, 343-44 (1998). Thus, the appellant officially remained the incumbent of the NM-05 position while she was detailed to the DP-05 position. Because the appellant's position of record and basic pay rate did not change with her detail, she did not suffer an appealable reduction in pay or pay band when her detail concluded and she stopped receiving additional compensation above her basic pay rate.

We find that the Board lacks jurisdiction to consider the agency's action in returning the appellant to the position she previously held at the same pay and pay band when her temporary reassignment concluded. Accordingly, the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.